IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALLEN WALTER ROBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14cv935-WKW |
| | ) | |
| TODD STRANGE, MAYOR OF CITY OF | ) | |
| MONTGOMERY, AL, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Allen Walter Robbins, proceeding *pro se* and *in forma pauperis*, brings claims against Mayor Todd Strange arising from (1) the City of Montgomery's alleged failure to repair drainage ditches and culverts along Longview Court, despite requests from plaintiff and others that the city do so; (2) the city's alleged use of the side of the street near Longview Court as a garbage dump; and (3) the city's alleged retaliation against residents for their complaints to the city about the drainage problems. Plaintiff alleges that the city fined his wife and step-daughter – apparently for failing to have their lawn mowed – every time that they or the plaintiff called to report the problems on Longview Court. He asserts that the drainage problems have caused flooding of the street and yards and, along with the garbage dump, have created unhealthy living conditions for plaintiff, his family, and his neighbors, resulting in "disease and sickness." Plaintiff contends that, because he is "too sick and old" to cut his grass and cannot afford to pay someone else to do so, he should not be fined for failing to cut the grass. He claims that, "[i]f you call the City to complain about the ditches

and drains the [city] will retaliate by coming out and giving you a ticket for anything they can.  Example, grass cutting fines, garbage fines, e[tc]."

Plaintiff asks the court to (1) investigate the conditions on Longview Court to "find out why the city doesn[']t have funds or where the funds are going to correct these problems that are causing pain and discomfort"; (2) fine the defendant "for terrorizing the elderly and fining the elderly for things of this nature [they] cannot control"; and (3) award the plaintiff five million dollars in damages.  Plaintiff also asks the court to order defendant to "pay the people that have had damages done to them and/or civil rights violated," including plaintiff's wife.  (Complaint, Doc. # 1).

Plaintiff filed his complaint on a pre-printed form complaint that is intended for use in alleging a violation of constitutional rights. He asserts that defendant has violated his "civil right to live in a clean city." (Id., p. 2). Construing the allegations of plaintiff's complaint liberally, the court concludes that plaintiff seeks relief (1) for denial of his equal protection rights based on his age, and for retaliation in violation of his first amendment rights, pursuant to 42 U.S.C. § 1983; and (2) for personal injury resulting from the city's failure to abate a nuisance, under Alabama law.[1]  Upon review of plaintiff's allegations, the

---

[1] Plaintiff does not allege that he either owns or owned the residence on Longview court, or even that he holds or held a leasehold interest in the property.  Because plaintiff does not allege the infringement of a protected property interest, the court does not construe the complaint to assert a "taking" of property without just compensation or a violation of plaintiff's substantive due process rights in violation of the fifth and fourteenth amendments. Even if plaintiff had alleged a property interest, his complaint does not suggest a nuisance of constitutional proportions. See Rymer v. Douglas County, 764 F.2d 796, 799-803 (11th Cir. 1985)(allegations that county officials, pursuant to the county's custom and to derive unjust profit, wrongfully issued a building permit for the

court concludes that dismissal of plaintiff's constitutional claims is appropriate prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

## STANDARD OF REVIEW

To state a claim, a complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Twombly, 550 U.S. at 555). "[C]omplaints ... must now contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 707 n. 2 (11th Cir. 2010)(internal quotation marks omitted). To determine whether a complaint states a claim, the court first "eliminate[s] any allegations in the complaint that are merely legal

---

construction of plaintiffs' home on a lot that they knew or should have known could not support a septic system, resulting in "sewage bubbling out of the ground near the house," did not allege an abuse of government power and failed to state a § 1983 claim for either a "taking without just compensation" or a violation of substantive due process); York v. City of Cedartown, 648 F.2d 231 (5th Cir. Unit B Jun. 15, 1981)(allegations that city's negligent design and construction of street and drainage system resulted in the deposit of water and sewage on plaintiff's property during periods of high rainfall, damaging their residence and diminishing the value of their property found to be insufficient to state a substantive due process violation actionable under § 1983, as plaintiffs "failed to allege facts suggesting an abuse of governmental power sufficient to raise an ordinary tort by a government agent to the stature of a violation of the Constitution")(internal quotation marks and citations omitted).

[2] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

conclusions" and, then, determine[s] whether the well-pleaded factual allegations of the complaint – assuming their veracity – "'plausibly give rise to an entitlement to relief.'" See American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)(citing Iqbal, 556 U.S. at 679). Additionally, while the court construes *pro se* pleadings liberally, it "may not act as *de facto* counsel or 'rewrite an otherwise deficient pleading in order to sustain an action.'" Porter v. Duval County School Bd., 406 F. App'x. 460, 462 (11th Cir. 2010)(unpublished opinion; citation omitted).

## DISCUSSION

### Standing

In addition to claiming a violation of his own rights, plaintiff seeks relief for the violation of his wife's and his step-daughter's civil rights, as well as those of his neighbors on Longview Court. (See Complaint, pp. 2-4). These claims for relief raise the issue of standing.[3] As the party invoking this court's jurisdiction, plaintiff bears the burden of establishing standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). For plaintiff to do so at this stage of the proceedings, the allegations of the complaint must demonstrate the existence of each of the required elements of standing, including that plaintiff has "suffered an 'injury in fact' – an invasion of a legally protected interest[.]" United States v.

---

[3] See Bischoff v. Osceola County, Florida, 222 F.3d 874, 877-82 (11th Cir. 2000)("As the Supreme Court made clear in United States v. Hays, 515 U.S. 737, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995), '[t]he question of standing is not subject to waiver ... . "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines."'").

4

Hays, 515 U.S. 737, 742-43 (1995)(quoting Lujan, 504 U.S. at 560-61. "Since [the elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." Id. The allegations of plaintiff's complaint, accepted as true and construed in the light most favorable to the plaintiff, fail to demonstrate that he has standing to assert claims for relief arising from the violation of the civil rights of third parties.[4]

Additionally, even to the extent that plaintiff seeks to vindicate an injury to his own protected interests, plaintiff's factual allegations fail to demonstrate that he has standing to seek injunctive relief. Plaintiff "ask[s] that the court make Todd Strange stop and intervene, and find out why the city doesn[']t have funds or where the funds are going to correct these problems that are causing pain and discomfort." (Complaint, p. 2). Plaintiff alleges that the violation of his civil rights occurred at "Street of 36 Longview Ct. Montgomery, AL 36108-2018" (id., ¶ 3), "[d]uring the time [plaintiff] *was* there from March *till* [sic] *now Sept. 7, 2014*" (id., ¶ 4)(emphases added). Plaintiff signed the complaint on September 7, 2014, but filed it two days thereafter, on September 9, 2014. (Id., pp. 1, 4). He does not list his address in the complaint, see id., ¶ 1, nor does he allege that he now resides on Longview Court,

---

[4] Because this court resolves the issue of standing on the basis of plaintiff's pleadings and the law, without resolving disputed issues of fact, no evidentiary hearing is required. Cf. Bischoff, 222 F.3d at 879-882 (evidentiary hearing on issue of standing is required where the court must decide disputed factual questions or make credibility findings).

5

intends to move back there, or otherwise continues to suffer injury to a protected interest as a result of the conditions on that street, and plaintiff's use of the past tense to describe the time period during which his rights were violated precludes a reasonable inference that he continues to reside there.[5] Thus, the complaint fails to demonstrate that plaintiff has standing to pursue prospective injunctive relief related to the conditions on Longview Court.[6]

Accordingly, to the extent that plaintiff demands any relief for the alleged violation of the rights of third parties, and to the extent that he seeks injunctive relief on his own behalf, plaintiff's claims are due to be dismissed without prejudice. Because plaintiff lacks standing to pursue these claims, this court lacks jurisdiction to entertain them.

## Municipal or Supervisory Liability

Plaintiff does not allege expressly whether he sues Mayor Strange in his official or individual capacity. In either case, plaintiffs' allegations fail to state a plausible basis for municipal or supervisory liability for damages under § 1983. "Section 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or *respondeat superior*. A supervisor can be held liable under § 1983 if he personally participates in the alleged constitutional violation or if a causal connection exists between

---

[5] See n. 2, *supra*.

[6] Additionally, while the court considers only plaintiff's complaint in determining whether plaintiff has alleged standing sufficiently, other documents of record suggest that plaintiff's use of the past tense was not a mere pleading error. The envelope in which plaintiff mailed his complaint to the court bears a postmark of September 8, 2014, and a return address on Millwood Road. (See Doc. # 1-2). In a form that he filed on September 30, 2014, plaintiff listed his address as 5330 Millwood Road. (Doc. # 10, p. 2).

his acts and the constitutional infirmity." Averhart v. Warden, 2014 WL 5394548, *1 (11th Cir. Oct. 24, 2014)(citing Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)); Keith v. DeKalb County, Ga., 749 F.3d 1034, 1047 (11th Cir. 2014).  In describing the defendant's alleged violation of his rights, plaintiff alleges conduct by "the City" and by "Todd Strange," apparently interchangeably.  While it is conceivable that Strange personally issued grass/garbage citations to the plaintiff, maintained the garbage dump, and refused to repair culverts, plaintiff's vague allegations do not include facts that plausibly suggest such direct personal involvement by the mayor.  Plaintiff also fails to allege facts that otherwise suggest a causal connection between Strange's actions or inaction and the alleged deprivation of plaintiff's civil rights – *e.g.*, that he authorized or approved the acts that gave rise to plaintiff's claims or that the challenged conduct resulted from Strange's custom or policy. See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Cottone v. Jenne, 326 F.3d 1352, 1360-62 (11th Cir. 2003)(affirming Rule 12(b)(6) dismissal of § 1983 claims against supervisors because the plaintiffs did not allege specific facts connecting the supervisors to the alleged constitutional deprivation).  Similarly, to the extent that plaintiff seeks monetary relief from Mayor Strange in his official capacity for his alleged injury, the City of Montgomery may not be held liable for damages under § 1983 unless the violation of plaintiff's constitutional rights resulted from the City's policy or custom.  See Craig v. Floyd County, Ga., 643 F.3d 1306, 1310-11

(11th Cir. 2011)(discussing basis for imposing municipal liability); see also Grider v. Cook, 2014 WL 5394556, * 5 (11th Cir. Oct. 24, 2014)("Because Grider failed to plead plausible facts that would support holding Broward County and the Broward County Sheriff's Office liable for an official policy or custom, the district court properly dismissed his § 1983 claims against the municipal defendants.").

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that, pursuant to 28 U.S.C. § 1915(e)(2)(B): (1) plaintiff's claims seeking relief for injury to the interests of third parties and the claims for injunctive relief that plaintiff asserts on his own behalf be DISMISSED without prejudice, as the complaint does not establish that plaintiff has standing to pursue them; (2) plaintiff's § 1983 claims for damages arising from an alleged violation of plaintiff's constitutional rights be DISMISSED without prejudice due to his failure to state a plausible claim for municipal and/or supervisory liability; and (3) this matter be referred back to the undersigned Magistrate Judge for further proceedings, including entry of an order allowing plaintiff the opportunity to seek leave to amend his complaint and establishing requirements for any such proposed amended complaint.[7]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate

---

[7] If this recommendation is adopted in full, plaintiff's state law nuisance claim – except to the extent it seeks prospective injunctive relief – will remain pending before the court. However, service of process is stayed in this case (Doc. #6), and the undersigned Magistrate Judge will leave the stay in place until the court determines whether plaintiff has alleged federal claims that are sufficient to survive review under 28 U.S.C. § 1915 and that would, therefore, support this court's continued exercise of supplemental jurisdiction.

Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before November 13, 2014. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 31st day of October, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE